IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE L. BARNES, # N-67673, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1184-JPG |
| | ) |
| TOM ASHBY, LARRY EVANS, | ) |
| MICHAEL PEEBLES, | ) |
| OFFICER DENTON, OFFICER GRIFFIN, | ) |
| OFFICER DILLION, | ) |
| and UNKNOWN OFFICERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Graham Correctional Center ("Graham"), where he is serving a two-year sentence for violating an order of protection, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose not in prison, but in Centralia, Illinois, where he had several encounters with various Centralia police officers who are named as Defendants herein. He claims he has made numerous complaints to the Centralia city government and police department about harassment, police brutality, and excessive force directed at him on account of his race (Doc. 1, p. 6).

Plaintiff describes four distinct incidents in which he was mistreated by officers. Taking these in chronological order, on November 30, 2010, Plaintiff was confronted outside his home in Centralia by Defendant Officer Denton, who pointed a gun at him and ordered him to get on the ground or be shot (Doc. 1, p. 6). Officer Nicholas intervened to tell Officer Denton they were looking for a white man (Plaintiff is Black), and apologized to Plaintiff.

On April 15, 2012, Plaintiff was in a car with two white females, and was "illegal[ly] detained" by three unknown Centralia police officers. He gives no further detail about this incident, other than to remark that another officer complimented the officers who detained Plaintiff, telling them, "Good work" (Doc. 1, p. 6).

At 11:34 p.m. on February 7, 2013, Plaintiff was walking in downtown Centralia. Defendant Officers Griffin and Dillion "illegally stopped" him "for being a Black male walking downtown at that time of night" (Doc.1, p. 6). They arrested Plaintiff for being a "person of interest" – however, no police log showed any person of Plaintiff's description having done anything wrong in the area at that time. Plaintiff asserts the whole matter was fabricated. His complaints to the City of Centralia and Centralia Police Department were ignored.

Finally, on or about March 27, 2013, at approximately 1:30 a.m., Defendant Officer Peebles and another unknown officer came looking for Plaintiff at the apartment of his nephew (Doc. 1, p. 5). The nephew's girlfriend opened the door to the home after the officers threatened to kick it open. Defendant Peebles demanded to know where Plaintiff was. Plaintiff came out of a bedroom, and Defendant Peebles struck him in the head and jaw. Plaintiff had not offered any resistance. Defendant Peebles handcuffed Plaintiff, pushed him outside, and the two officers dragged him to their police car.

In addition to the above police officers, Plaintiff names Centralia Mayor Tom Ashby and Centralia Police Chief Larry Evans as Defendants. He seeks compensatory damages for having been falsely arrested because of his race.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Peebles and the Unknown Officer for excessive force, for the March 27, 2013, incident **(Count 1)**.  His claims for racially motivated false arrest against Defendants Griffin and Dillon for the February 7, 2013, arrest **(Count 2)**, and against the Unknown Officers for the April 15, 2012, illegal detention **(Count 3)** shall also receive further review.  Because Plaintiff's factual allegations suggest that Centralia Police Officers may have pursued a policy, pattern or practice of making racially-motivated detentions and arrests, he may also proceed on his claims against Defendants Ashby and Evans in their official capacities at this time **(Count 4)**.

However, Plaintiff's claim against Defendant Denton **(Count 5)** for the incident of November 30, 2010, shall be dismissed, because this claim arose more than two years before Plaintiff filed the instant complaint.

In a civil rights action brought pursuant to § 1983, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Illinois law provides a two-year statute of limitations for personal injury actions.  735 ILL. COMP. STAT. 5/13-202.  Therefore, § 1983 claims arising in Illinois are governed by a two-year statute of limitations.  *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).  Federal law, however, governs the accrual of such claims.  *Kelly*, 4 F.3d at 511.

A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated."  *Id.*  The Seventh Circuit has held that an action under § 1983 based on the Fourth Amendment accrues at the time of the arrest and search.  *Giesen*, 956

F.2d at 740 (citing *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971)). In this case, Plaintiff's detention/confrontation by Defendant Denton happened on November 30, 2010; thus his § 1983 claim based on that incident should have been filed within two years, or by November 30, 2012. However, Plaintiff did not file this action until November 18, 2013, almost one year too late. Because plaintiff's complaint was not filed within the statute of limitations period, the claim in Count 5 does not survive review under 28 U.S.C. § 1915A, and shall be dismissed with prejudice.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 5** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **DENTON** is dismissed from this action with prejudice.

The Clerk of Court shall prepare for Defendants **ASHBY, EVANS, PEEBLES, GRIFFIN,** and **DILLION**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant Officers in connection

with Counts 1 and 3 until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

                *s/ J. Phil Gilbert*
                United States District Judge