IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE L. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1184-JPG-DGW |
| | ) | |
| TOM ASHBY, LARRY EVANS, MICHAEL PEEBLES, OFFICER GRIFFIN, OFFICER DILLION, and UNKNOWN OFFICERS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Partial Motion to Dismiss filed by Defendants on February 14, 2014 (ECF 20). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, George L. Barnes, who is currently incarcerated at the Graham Correctional Center, filed a Complaint on November 18, 2013 about a number of interactions that he had with various police officers from Centralia, Illinois, over a number of years. In screening the Complaint, the District Court found that Plaintiff stated the following claims:

> Count 1: A claim of excessive force against Defendant Peebles and an Unknown Officer for a March 27, 2013 incident where Plaintiff alleges that he was battered and assaulted during an arrest.

> Count 2: A claim of racially motivated false arrest against Defendants Griffin and Dillon for a February 7, 2013 incident in which Plaintiff alleges that he was arrested "for being a black male walking downtown at that time of night."
>
> Count 3 A claim against Unknown Officers for an April 15, 2012 "illegal detention"; and,
>
> Count 4: A policy, pattern or practice claim against Defendants Ashby and Evans in their official capacities at this time for pursuing racial motivated detentions.

(ECF 8).

Defendants Tom Ashby, Robert Dillon, Curtis Griffith, and Larry Evans, seek dismissal of Counts 2 and 4. They argue that the February 7, 2013 arrest was pursuant to an arrest warrant and that, because Count 4 depends on the arrest contained in Count 2, it must also be dismissed. In response, Plaintiff merely has reiterated the allegations in his Complaint (ECF 25).

Attached to the Motion to Dismiss is a Warrant of Arrest issued by the Circuit Court of the Fourth Judicial Circuit, Marion County, Illinois, directing the arrest of Plaintiff for the offense of "failure to pay and/or failure to appear" (ECF 20-1). It appears that the return of service was filed with the Clerk on February 8, 2013 with a signature of a police officer indicating that the Plaintiff was arrested pursuant to the warrant (*Id.*).

## CONCLUSIONS OF LAW

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give

defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Factual plausibility exists when a plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability "stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 544 U.S. at 557).

In his Complaint, Plaintiff briefly alleges that he was walking "downtown" on February 7, 2013 at 11:34 p.m. and that he was "illegally stopped" by Officer Griffin and Dillon "for being a Black male walking downtown at that time of night." He further states that he was

arrested "for a person of interest, which no police log show a person of my resembles [sic] has done anything wrong in the area I was walking, which was fabricated between both officers and was taken to Centralia Police Department of which time I complained. . ." (ECF 1, p. 6). Defendants have presented a warrant for Plaintiff's arrest that was filed with the Clerk as executed on February 8, 2013.[1] It appears that Plaintiff was arrested pursuant to a warrant, thus defeating his false arrest claim. *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 483 n.5 ("A facially valid warrant generally shields an officer relying in good faith on the warrant from liability for false arrest . . . ."); *see also Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985) ("When a police officer, acting in good faith, obtains a warrant and acts within its scope, he has engaged in no official misconduct.").

The Complaint contains no other statement that the alleged March 27, 2013 excessive force, or the alleged April 15, 2012 detention were racially motivated. The Complaint also contains no other actionable claim of false arrest because of Plaintiff's race. Therefore, Count 4, which alleges a practice and pattern of discrimination in detaining and arresting African-Americans must also be dismissed for failure to state a claim.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Partial Motion to Dismiss filed by Defendants be **GRANTED**, that Counts 2 and 4 be **DISMISSED** for failure to state a claim, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen

---

[1] The Court may consider a public court document in ruling on a Motion to Dismiss without converting the Motion into one for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

(14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 1, 2014**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**