IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE L. BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-01184-NJR-DGW |
| | ) |
| TOM ASHBY, LARRY EVANS, | ) |
| MICHAEL PEEBLES, OFFICER | ) |
| GRIFFIN, OFFICER DILLION, and | ) |
| UNKNOWN OFFICERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On November 18, 2013, Plaintiff George L. Barnes filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that various Centralia police officers harassed, arrested, and used excessive force against him. Upon threshold review pursuant to 28 U.S.C. § 1915A, the Court concluded that Barnes states four claims as follows:

> Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Peebles and the Unknown Officer for excessive force, for the March 27, 2013, incident (Count 1). His claims for racially motivated false arrest against Defendants Griffin and Dillon for the February 7, 2013, arrest (Count 2), and against the Unknown Officers for the April 15, 2012, illegal detention (Count 3) shall also receive further review. Because Plaintiff's factual allegations suggest that Centralia Police Officers may have pursued a policy, pattern or practice of making racially-motivated detentions and arrests, he may also proceed on his claims against Defendants Ashby and Evans in their official capacities at this time (Count 4).

(Doc. 8). The case comes before the Court on a Report and Recommendation entered on May 1, 2014, by Magistrate Judge Donald G. Wilkerson (Doc. 26).

In the Report and Recommendation, Magistrate Judge Wilkerson recommends dismissal of Counts 2 and 4 of the complaint, which contain allegations concerning a false arrest. Magistrate Judge Wilkerson took judicial notice of the fact that Barnes was arrested pursuant to a warrant, *see Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) (providing that a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment and citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)), and concluded that the allegations concerning false arrest were defeated by the arrest pursuant to a warrant.

The parties were informed that their deadline for objecting to Magistrate Judge Wilkerson's Report and Recommendation was May 19, 2014—a date that has come and gone. Because no party has filed an objection, the undersigned need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

The undersigned accordingly **ADOPTS** the Report & Recommendation (Doc. 26) in its entirety and rules as follows: the Motion to Dismiss (Doc. 20) is **GRANTED**, and Counts 2 and 4 of the (Doc. 1) complaint are **DISMISSED with prejudice**. Accordingly,

the Clerk is directed to terminate Defendants Griffin, Dillion, Ashby, and Evans as Defendants in this case. The Clerk is directed to enter judgment in accordance with this order at the conclusion of this case.

This case now proceeds against Defendant Peebles and the Unknown Officer for excessive force, for the March 27, 2013, incident (Count 1), and against the Unknown Officers for the April 15, 2012, illegal detention (Count 3).

**IT IS SO ORDERED.**

**DATED:   June 9, 2014**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**